```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

KENNETH DUKE                                            PLAINTIFF

VERSUS                        CIVIL ACTION NO. 5:04cv322-DCB-JCS

SHARON DUCKWORTH, Individually, and
as Deputy Sheriff Sharkey County;
COUNTY OF SHARKEY, MISSISSIPPI                         DEFENDANTS

### ORDER

This matter comes before the Court *sua sponte*. On December 15, 2004, this matter was transferred from the Northern District of Mississippi. On March 1, 2005, the court mailed plaintiff's attorney, Gene McKissic, an Arkansas lawyer, a letter directing that he file a motion for *pro hac vice* admission in this Court. After hearing no response, a second letter was mailed on August 8, 2005. Mr. McKissic thereafter responded; however, on September 7, 2005, the court denied the motion, identifying three deficiencies and granting Mr. McKissic fourteen additional days in which to correct the deficiencies.

On October 17, 2005, the Court ordered the plaintiff to show cause why his attorney had failed to associate local counsel as required by the local rules. That order directed Mr. McKissic to offer a response as to his failure to comply within ten days or be disallowed from continuing to represent the plaintiff. On November 15, 2005, Mr. McKissic made an *ore tenus* motion for extension of time to obtain local counsel. The Court allowed him until December 1, 2005, to do so. Mr. McKissic failed to associate local counsel

by that date.  By order dated January 26, 2006, the Court ordered Mr. McKissic to rectify the deficiencies in his motion for *pro hac vice* admission by February 7, 2006, or to notify his client via certified mail that he could no longer represent Mr. Duke in the Southern District of Mississippi.  There is no indication in the record that Mr. McKissic complied with either of the Court's orders.

On March 6, 2006, after a pretrial conference where the plaintiff failed to appear, the magistrate judge recommended that the action be dismissed for failure to comply with the Court's order of January 26, 2006.  The record, however, does not indicate that Mr. McKissic ever notified the plaintiff that he needed to contact the Court with his decision to proceed on his own or with new counsel.  Therefore, Kenneth Duke may not be aware that his case is in jeopardy of dismissal.  In order to be certain that the plaintiff's dilatoriness warrants dismissal, Duke will be given until April 21, 2006, to notify the Court of his election to obtain new counsel or if he wishes to proceed *pro se* in this action.  The plaintiff is hereby warned that should he fail to respond to this order, his case may be dismissed for failure to comply with court orders.  This order will be sent via certified mail to the last known mailing address of the plaintiff.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff has until April 21, 2006, to notify the Court of his election to obtain new counsel or

if he wishes to proceed *pro se*.

SO ORDERED, this the 12th day of April, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE
