```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

KENNETH DUKE                                              PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:04cv322DCBJMR

JACOB CARTLIDGE, Individually, and as Sheriff of
Sharkey County, Mississippi; SHARON DUCKWORTH,
Individually, and as Deputy Sheriff Sharkey County;
COUNTY OF SHARKEY, MISSISSIPPI; WALLACE NEWSOME,
Individually, and as County Supervisor
for District No. 1; D.W. JOHNSON, Individually, and
as County Supervisor for District No. 2;
ELDRIDGE WALKER, Individually, and as County Supervisor
for District No. 3; JOE KING, Individually, and as
County Supervisor for District No. 4; WILLIE SMITH,
Individually, and as County Supervisor for
District No. 5                                           DEFENDANTS

## ORDER

This matter comes before the Court on Sharkey County, Mississippi's Motion for Entry of Final Judgment [**docket entry no. 63**]. Having reviewed the Motion, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

### PROCEDURAL HISTORY[1]

On November 14, 2004, Kenneth Duke filed this 42 U.S.C. § 1983 suit against Sharkey County, Mississippi, Deputy Sharon Duckworth,

---

[1] The undisputed facts of this case are set forth in the Court's previous Memorandum Opinion and Order [docket entry no. 34], which was entered on September 26, 2006.

and several individual employees of Sharkey County.[2]  On September 26, 2006, the Court granted Sharkey County, Mississippi's Motion for Summary Judgment [docket entry no. 34].  Duke's only claim currently pending is his § 1983 excessive force claim against Deputy Duckworth.[3]  Sharkey County now moves for the Court to direct the entrance of a final judgment in its favor [**docket entry no. 63**].

### DISCUSSION

When a lawsuit involves multiple parties, Federal Rule of Civil Procedure 54(b) mandates that "the Court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties **only** upon an express determination that there is no just reason for delay."  Due to the overarching desire of avoiding piecemeal appeals, the Fifth Circuit has stated, "Rule 54(b) certification orders should not be entered routinely or as a courtesy or accommodation to counsel."  Ryan v. Occidental Petroleum Corp., 577 F.2d 298, 301 (5th Cir. 1978). Instead, the entrance of a partial final judgment "should be used only 'in the infrequent harsh case' as an instrument for the improved

---

[2]Duke named the sheriff of Sharkey County and the board of supervisors in both their official and individual capacities. These defendants were dismissed pursuant to an order by the Court dated October 5, 2005 [docket entry no. 23].

[3]Proceedings in this Court have been stayed pending the resolution of an interlocutory appeal filed by Deputy Duckworth on the issue of qualified immunity.

administration of justice." Id.

Sharkey County has failed to provide the Court with a description of the "harsh effects" it will endure without the entrance of a final judgment.  Moreover, Sharkey County has not made any showing of how the issuance of a final judgment in this case would improve the administration of justice.  Typically, it is the unsuccessful litigant who requests the entrance of a final judgment so that an immediate appeal can be made.  In those situations, the movant must show some exigency which outweighs the countervailing policy against partial appeals.  Here, it is a successful defendant moving for entry of a final judgment. Without some justifiable reason to depart from the standard practice concerning the entrance of final judgments, the Court will not enter a final judgment in favor of any party until all of the claims have been resolved.  Accordingly,

IT IS HEREBY ORDERED that Sharkey County's Motion for Entry of Final Judgment [**docket entry no. 63**] is **DENIED**.

SO ORDERED this the 16th day of November, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE